Eric K. DANNENBERG,
Plaintiff–Appellant,

v.

R. CANDELARIA, Warden; et
al., Defendants–Appellees.

No. 05–16229.

United States Court of Appeals,
Ninth Circuit.

Argued April 18, 2007.

Submitted Sept. 13, 2007.

Filed Sept. 21, 2007.

Warrington S. Parker, III, Esq., Elisabeth R. Brown, Esq., Heller Ehrman, LLP, San Francisco, CA, for Plaintiff–Appellant.

Eric K. Dannenberg, Coalinga, CA, pro se.

James E. Flynn, Esq., April H. Gatling, AGCA—Office of the California Attorney General, Sacramento, CA, for Defendants–Appellees.

Before: REINHARDT, NOONAN, and M. SMITH, Circuit Judges.

MEMORANDUM *

Eric K. Dannenberg, a California prisoner, was a transient inmate at Wasco State Prison's Reception Center ("Reception Center") from July 26, 2000 to November 21, 2000. He appeals the dismissal of his claim for the loss of personal property and

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the grant of summary judgment to the warden on his claim for the Reception Center's failure to deliver periodicals to which he subscribed.

■ The parties are familiar with the facts. We proceed to the law. As to the loss of his property, it cannot be redressed under the Fourteenth Amendment if an adequate post-deprivation remedy exists. *Hudson v. Palmer,* 468 U.S. 517, 532–33, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). California provides such a remedy. *See Barnett v. Centoni,* 31 F.3d 813, 817 (9th Cir.1994). Dannenberg's claim was properly dismissed for failure to state a cause of action.

■ As to his second claim, the right to receive subscription mail was established in this circuit in 2001. *Prison Legal News v. Cook,* 238 F.3d 1145, 1152–53 (9th Cir. 2001); *Morrison v. Hall,* 261 F.3d 896, 905 (9th Cir.2001). Dannenberg's deprivation occurred before this date. It follows that the warden did not violate an established constitutional right and is therefore entitled to qualified immunity. *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

For the reasons stated, the judgment of the district court is AFFIRMED.